IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DIAMONTE DERON SCOTT**                                          **PETITIONER**

**V.**                              **CIVIL ACTION NO. 3:18-cv-402-HTW-JCG**

**BILLY SOLLIE**                                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Diamonte Deron Scott for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). At the time the Petition was filed, Scott was a pretrial detainee at the Lauderdale County Detention Facility in Meridian, Mississippi. He seeks the dismissal of his charges for murder and attempted murder (ECF Nos. 1 & 11-1). Respondent Billy Sollie, the Sheriff of Lauderdale County, Mississippi, filed a Motion to Dismiss (ECF No. 11), asserting that the Scott has failed to state a claim upon which relief may be granted, and a Supplement to the Motion to Dismiss (ECF No. 15), asserting that Scott's Petition has been rendered moot. Scott has not responded to the Motion to Dismiss, nor has he responded to the Court's Order to Show Cause (ECF No. 13), which was returned as undeliverable (ECF No. 14). Having considered the submissions of the parties and relevant legal authority, the undersigned United States Magistrate Judge recommends that Respondent's Motion to Dismiss be granted.

## BACKGROUND

Scott was arrested in September 2016 on charges of murder and attempted

murder (ECF Nos. 1, 11, & 11-5). He filed his Petition on June 19, 2018, but he originally filed it as a Petition under 28 U.S.C. § 2254 (ECF No. 1). However, because he is challenging his pre-trial detention, the Court has construed it as a request for relief under 28 U.S.C. § 2241 (ECF No. 3).[1] At the time of his Petition, he alleged that he had been incarcerated for twenty-one months without an indictment in violation of his right to due process, his right to an attorney, and the prohibition on cruel and unusual punishment. The only relief Petitioner seeks is a dismissal of the murder and attempted murder charges (ECF No. 1).

Respondent filed his Motion to Dismiss (ECF No. 11) on August 29, 2018. He asserts that although Scott has not been indicted on the murder and attempted murder charges, he has been indicted for possession of methamphetamine and is awaiting trial in the Lauderdale County Circuit Court. Respondent also stated that the United States Marshals Service (USMS) had filed a detainer on Scott with the Lauderdale County Detention Facility. With respect to the charges at issue, Respondent argues that Petitioner is not entitled to the relief he seeks, as this is an attempt to disrupt the state judicial process. On October 15, 2018, Respondent filed a Supplement to the Motion to Dismiss (ECF No. 15), asserting that Scott has been released into the custody of the USMS and is no longer at the Lauderdale County Detention Facility. Because Scott is no longer in state custody, Respondent argues that his Petition is now moot.

Although the Court received a letter from Scott (ECF No. 12) shortly after the

---

[1] In a Response to a Court Order (ECF No. 5), Scott raised some conditions of confinement claims, but the Court has since severed those claims (ECF No. 7).

Motion to Dismiss was filed, the letter is not a response to the Motion to Dismiss, and no other response was filed. Therefore, the Court issued an Order to Show Cause (ECF No. 13) on October 1, 2018, requiring Scott to respond to the Motion to Dismiss on or before November 1, 2018. The Order warned Scott that if he did not file a timely response, his petition could be dismissed for failure to prosecute. The Order was mailed to his last known address, but it was returned as undeliverable (ECF No. 14). Scott has not responded to the Motion to Dismiss, the Supplement to the Motion to Dismiss, or the Order to Show Cause.

## ANALYSIS

A pretrial detainee's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of this writ is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973) (citing *Fay v. Noia*, 372 U.S. 391, 430 (1963)).

However, the relief a pretrial detainee may be entitled to under § 2241 is limited. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S 484, 489 (1973) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). A petitioner is not permitted to derail "a pending state proceeding by an attempt to

litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and "one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 491; *Smith v. Hooey*, 393 U.S. 374 (1969)). Essentially, an attempt to dismiss pending charges or prevent prosecution is an attempt to abort or disrupt, while an attempt to "force the state to go to trial," is merely an attempt to force the state to fulfill its obligation. *Id.* "[T]he former objective is normally not attainable through federal habeas corpus, [but] the latter is. *Id.*

In this case, the only relief Scott requests is that the charges be dismissed. This is clearly a request to "abort a state proceeding or to disrupt the orderly function of state judicial processes." *Id.* Further, even if this Court were to interpret the Petition as an attempt to enforce the State's obligation to bring him to trial, Scott has alleged no "special circumstances" which would provide justification for the Court to disrupt pending criminal proceedings. *Dickerson*, 816 F.2d at 229. Ultimately, "pre-trial habeas relief is not available to consider the merits of [Scott's] due process claim" concerning pre-indictment delay. *Id.*

Additionally, this Petition is also subject for dismissal for failure to prosecute. Fed R. Civ. P. 41(b); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). Scott has not responded to the Motion to Dismiss or the Order to Show Cause, and he has

4

not filed anything in this case since September 6, 2018. Scott has abandoned this action.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's Motion to Dismiss be granted and Diamonte Deron Scott's Petition for Writ of Habeas Corpus be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 14th day of January, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE
